IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

LEO ALI MCGRAW, )
 )
       Plaintiff, )
 )
vs. )  Civil No. 2022-10
 )
FIRSTBANK VIRGIN ISLANDS, )
NATIONAL BANK OF THE VIRGIN )
ISLANDS, )
 )
       Defendants. )
_____ )

**REPORT AND RECOMMENDATION**

This case is before the Court for an initial screening of *pro se* plaintiff Leo Ali McGraw's complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the Court recommends the complaint be dismissed without prejudice.

**I.     FACTUAL ALLEGATIONS**

Plaintiff contends that he has suffered "personal property" and "business property violations." Comp. [ECF 1] at 1. It is not readily apparent, however, what those violations are. For example, plaintiff states that "the staff [at FirstBank] was giving Leo false information [and] misleading him pertaining to business accounts in over 2 digit billions." *Id.* at 3. Plaintiff also states that "the Virgin Island banking system is negligent and at fault and liable for over 2 digit billions of Leo's business accounts from computer networking." *Id.* at 4. In the damages section of the complaint, plaintiff states: "Now we have an unknown number of individuals watching billions of dollars of Leo's and has put my life at a total risk for my safety, my life my career, [and]

livelyhood." *Id.* at 5. He seeks $5 billion in damages against each defendant as well as an injunction. *Id.* at 5.

## II.     STANDARD OF REVIEW

The court must screen a plaintiff's *pro se* complaint for cognizable claims and *sua sponte* dismiss all or any part of an action that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id*. at 327. "A complaint is malicious when it 'duplicates allegations of another [] federal lawsuit by the same plaintiff.'" *Daley v. United States Dist. Court*, 629 F. Supp. 2d 357, 359-60 (D. Del. 2009) (alteration in original) (quoting *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993)); *see also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (stating "malicious" in the context of sections 1915(e) "is more usefully construed as intended to harass"). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Whether a complaint fails to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is governed by the same standard as Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). Accordingly, a court must determine whether the complaint includes "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). Finally, where applicable, a court must also consider whether the law affords certain governmental entities and officials immunity against particular types of lawsuits. 28 U.S.C. § 1915(e)(2)(B)(iii).

### III.  DISCUSSION

Federal subject matter jurisdiction is limited by statute.  Most often, such jurisdiction exists in actions in which there is diversity of citizenship between the plaintiff and the defendant or in which the plaintiff's claim raises a federal question.  28 U.S.C. §§ 1331, 1332.  Jurisdiction based on diversity of citizenship requires the plaintiff to demonstrate that none of the defendants holds citizenship in the same state as the plaintiff, and that the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  "To satisfy the jurisdictional requirements of 28 U.S.C. § 1332(a)(1), . . . diversity must be complete; that is, no plaintiff can be a citizen of the same state as any of the defendants."  *Midlantic Nat'l Bank v. Hansen*, 48 F.3d 693, 696 (3d Cir. 1995).  To invoke federal question jurisdiction, the plaintiff must allege a violation of the "Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

In this case, plaintiff states on the complaint form that the basis for this Court's jurisdiction is diversity of citizenship and federal question.[1]  [ECF 1] at 1.  Regarding diversity of citizenship, plaintiff states that he is a citizen of "PA," although he does not provide a current address.  [ECF 1] at 1-2.  As to the defendants, plaintiff appears to allege that FirstBank Virgin Islands is a citizen of the United States Virgin Islands, and that National Bank of the Virgin Islands is a citizen of the British Virgin Islands.  *Id.*  These allegations do therefore support a finding of federal subject matter jurisdiction based on diversity.[2]  28 U.S.C. § 1332(a)(2) ("The district courts shall have

---

[1] On the civil cover sheet attached to the complaint, he does not indicate any basis for jurisdiction.  [ECF 1-1].

[2] The Court assumes, for present purposes only, that both banks are corporations and therefore citizens for diversity purposes.  *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir.2010) ("A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business.").

original jurisdiction of all civil actions . . . between . . . citizens of a State and citizens or subjects of a foreign state."). Plaintiff also satisfies the second prong of diversity jurisdiction because he alleges that the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332(a). Thus, the Court arguably has diversity jurisdiction over plaintiff's case. Regarding federal question jurisdiction, however, plaintiff has not alleged a plausible claim for relief under either federal statutory or constitutional law.

Further, plaintiff's allegations are nonsensical. The most liberal reading of the complaint suggests that FirstBank Virgin Islands employees may have committed some type of bank fraud or negligence. However, the complaint does not include any other facts about these possible claims. Thus, the Court is unable to determine whether plaintiff has stated a claim for relief that is plausible on its face.

## IV. CONCLUSION

For the foregoing reasons, this Court RECOMMENDS that plaintiff's complaint be DISMISSED WITHOUT PREJUDICE, and that he be permitted to amend his complaint within a time certain if he so chooses.[3]

Any objections to this Report and Recommendation must be filed in writing within 14 days of receipt of this notice. Failure to file objections within the specified time shall bar the aggrieved

---

[3] *Pro se* litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend . . . unless such an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). A complaint that sets forth facts which affirmatively demonstrate that the *pro se* plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

*McGraw v. FirstBank Virgin Islands, et al.*
Civil No. 2022-10
Page 5

party from attacking such Report and Recommendation before the assigned District Court Judge.

28 U.S.C. § 636(b)(1); LRCi 72.3.

**Dated:**  April 11, 2022                                    S_____
                                                                                    **RUTH MILLER**
                                                                                    United States Magistrate Judge